IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                              ORDER

          Plaintiff,

                                          04-cr-122-bbc

    v.

SHONDELL T. BUCHANAN,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Shondell Buchanan has filed a notice of appeal from the court's March 30, 2010 order denying his motion for modification of sentence pursuant to 28 U.S.C. § 3582(c)(2). In the March 30, 2010 order, I construed defendant's motion as a motion brought pursuant to 28 U.S.C. § 2255 and dismissed it for lack of jurisdiction in the absence of a showing that defendant had received permission from the Court of Appeals for the Seventh Circuit to file a second collateral attack.

      Defendant has not asked this court to issue a certificate of appealability and he has not submitted the filing fee of $455 or asked for a determination that he be permitted to proceed in forma pauperis. Nevertheless, it is necessary to decide whether a certificate of

1

appealability should issue and whether defendant is entitled to proceed in forma pauperis. I conclude that the answer is no to both questions.

As I explained to defendant in the March 30, 2010 order, although he did not style his motion as a successive § 2255 motion, he cannot avoid the rule against the filing of successive petitions pursuant to 28 U.S.C. § 2255 simply by naming his motion something else. United States v. Evans, 224 F.3d 670, 672 (7th Cir. 2000) (any postjudgment motion in criminal proceeding that fits description of 28 U.S.C. § 2255 ¶ 1 is motion under § 2255, requiring advance approval of court of appeals). Defendant's motion was a collateral attack upon the legitimacy of his sentence. Therefore it is a successive petition that cannot be filed without prior certification from the court of appeals.

Defendant is not entitled to a certificate of appealability on this issue because such a certificate can issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). Defendant has not made that showing. He is challenging a non-constitutional rule that limits litigants to one challenge of their convictions, with certain narrow exceptions not applicable in defendant's case. His is not an issue on which reasonable jurists would disagree or one that should receive encouragement to proceed.

According to Fed. R. App. P. 24(a), a defendant who is found eligible for court-appointed counsel in the district court may proceed on appeal in forma pauperis without

2

further authorization "unless the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed . . . ." Defendant had court-appointed counsel at trial and on direct appeal. Therefore, he can proceed on appeal unless I find that his appeal is taken in bad faith. The standard for making that finding is different from the standard for deciding whether to issue a certificate of appealability. Walker v. O'Brien, 216 F.3d 626, 631-32 (7th Cir. 2000). Applying this lower standard, I conclude that defendant is not proceeding in good faith. The law is clear on the subject of successive appeals. Defendant may honestly believe that he can evade the strictures of § 2255 by filing a motion instead of a successive petition, but his belief has no basis in law or fact. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (good faith is objective concept). No reasonable jurist could believe that his appeal has merit.

Accordingly, I certify that defendant's appeal is not taken in good faith and that he cannot proceed in forma pauperis on appeal. Because defendant does not qualify for in forma pauperis status, he must pay the entire appellate filing fee of $455 before proceeding. Moran v. Sondalle, 218 F.3d 647, 650 (7th Cir. 2000).

Further, I decline to issue a certificate of appealability. Pursuant to Fed. R. App. P. 22(b), if a district judge denies an application for a certificate of appealability, the defendant

3

may request a circuit judge to issue the certificate.

Entered this 6th day of May, 2010.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge